PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GRIEF, ) | |
| ) | CASE NO. 4:19-CV-2450 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| WARDEN MARK WILLIAMS, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent. ) | **AND ORDER** [Resolving ECF No. 3] |

*Pro se* Petitioner Christopher Grief, a federal prisoner incarcerated at FCI Elkton, has filed a Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. ECF No. 1. Petitioner has also filed a Motion for Preliminary Injunction and Temporary Restraining Order. ECF No. 3. For the reasons explained below, the case is dismissed and Petitioner's motion is denied as moot.

## I. Background

Petitioner asserts he was convicted on one count of receipt of child pornography in the Eastern District of New York. *Id*. at PageID #:1. In his Petition, he complains that various children's publications he has ordered through the mail have been rejected by the prison's Sex Offender Management Program Coordinator as inconsistent with the Bureau of Prisons ("BOP") Comprehensive Strategy of Sex Offender Management, and that other publications and materials he was previously allowed to possess were confiscated from him. *Id.* at Page ID #: 2, ¶¶ 9-12.

Petitioner contends the rejection and confiscation of his materials violates his rights under the First Amendment, fails to comply with BOP regulations, fails to adhere to Notice and Comment Requirements of the Administrative Procedure Act, and that in refusing him materials, the BOP has failed to provide him a reasonable accommodation for Autism Spectrum Disorder.

(4:19-CV-2450)
*Id.* at PageID #: 4-5, ¶¶ 30-50.

In his Petition, Petitioner asks the Court to declare the Warden's rejection and confiscation of his materials unlawful, and to compel the Warden to provide him the rejected and confiscated materials. *Id.* at PageID #: 5.

On November 1, 2019, Petitioner filed a Motion for a Preliminary Injunction and a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65, in which he seeks preliminary injunctive relief in connection with the materials. ECF No. 3.

## II. Standard or Review

A federal district court must conduct an initial review of *habeas corpus* petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 Fed. App'x 544, 545 (6th Cir. 2011). Promptly after a petition is filed, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the Court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (nothing that the district court has a duty to "screen out" *habeas corpus* petitions that lack of merit on their face).

## III. Discussion

Upon review, the Court finds that the Petition must be summarily dismissed because it does not raise a claim that is cognizable under § 2241. The only claims a federal prisoner may assert in a § 2241 petition are those that challenge the execution of a sentence, such as the

(4:19-CV-2450)

manner in which the BOP has computed a prisoner's sentence credits or determined his parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Section 2241, however, "is not the proper vehicle for a prisoner to challenge conditions of confinement" during otherwise legal incarceration. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *see also Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence").

Petitioner's claims pertain to the conditions of his confinement at FCI Elkton and do not constitute challenges that may be brought under § 2241. In order to challenge the conditions of which he complains, Petitioner must file a civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Luedtke*, 704 F.3d at 466; *Sullivan*, 90 F. App'x at 863 (construing conditions-of-confinement claims as properly brought in a civil action under *Bivens*). To do so, Petitioner must file a complaint in new case, and either pay the $400 filing fee applicable to such actions or file an application to proceed *in forma pauperis* in accordance with 28 U.S.C. § 1915.

### IV. Conclusion

Accordingly, the Petition in this case is denied and this action is dismissed without prejudice. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (holding that the district court should dismiss an improperly-filed § 2241 petition without prejudice to allow the petitioner to re-file his claims in a civil rights case). In light of this dismissal, Petitioner's Motion for a Preliminary Injunction and Temporary Restraining Order is denied as moot. The Court further

3

(4:19-CV-2450)

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
|  November 8, 2019  | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |